UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| INVISIBLE FENCE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-251 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| MARTIN NEOSEL, an individual ) | |
| d/b/a ACORN MARKETING, INC., ) | |
| d/b/a ACORN PETCO, and ) | |
| ACORN MARKETING, INC., ) | |
| d/b/a ACORN PETCO, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 25] referring the Plaintiff's Motion for Order to Show Cause [Doc. 23] to the undersigned for disposition or report and recommendation as may be appropriate. See 28 U.S.C. § 636(c). After entering a Memorandum and Order [Doc. 26] granting the Plaintiff's Motion for Order to Show Cause, the Court held a hearing on January 7, 2013. Attorneys Ian McFarland and John T. Winemiller represented the Plaintiff. The Defendants were not present. Having considered the relevant legal authority, the Court finds that the Plaintiff's request for attorney fees and monetary sanctions is **GRANTED** but the request to transfer acornpetco.com is **DENIED** at this time.

1

## I. BACKGROUND

Invisible Fence, Inc., ("Plaintiff") filed a Complaint [Doc. 1] on June 9, 2009, against Martin Neosel, Acorn Marketing, Inc., and Acorn Petco (hereinafter "Defendants") alleging trademark infringement, unfair competition, and dilution. On November 15, 2009, the Plaintiff filed a Motion for Entry of Default [Doc. 9] against the Defendants. Because the Defendants failed to plead or otherwise defend, the Court entered an Order [Doc. 10] directing the Defendants to show cause why default should not be entered against them pursuant to Federal Rule Civil Procedure 55. Subsequently, the clerk filed an Entry of Default [Doc. 11] against the Defendants, and the Plaintiff filed a Motion for Default Judgment [Doc. 12] on December 15, 2009. Again, the Defendants failed to respond, so the Court entered Default Judgment [Doc. 15] and enjoined the Defendants from using the Plaintiff's trademarks, offering products for sale in a misleading manner, and misrepresenting Acorn Petco's affiliation with the Plaintiff. In addition, the Court ordered the Defendants to completely remove the website located at the domain name "Acornpetco.com" within ten (10) days and submit to the Court a written report within thirty (30) days setting forth the manner in which the Defendants complied. [Doc. 15].

The Defendants did not comply with the Court's Order, and the Plaintiff moved the Court to order the Defendants to show cause why they should not be held in contempt. [Doc. 26]. The Defendants failed to respond and the Court scheduled a show cause hearing for January 7, 2013. [Doc. 26]. The Defendants did not attend the January 7, 2013 hearing. [Doc. 29]. During the hearing, Attorney McFarland was sworn and attested to the truthfulness of his statements and the genuineness of the evidence presented to the Court. Specifically, he sent an email to the Defendants with regard to the show cause hearing but did not receive a response. [Doc. 28]. In addition, Attorney McFarland stated that the website http://acornpetco.com/Invisible -Fence-

Transmitter was still in violation of the Court's Order of Default Judgment. [Doc. 28]. The Court directed the Plaintiff to file supplements addressing fees, expenses, and punitive damages to potentially be awarded. Following the hearing, the Plaintiff filed the Notice [Doc. 30] and Fee Declaration [Doc. 31].

**II.   ANALYSIS**

The Plaintiff requests attorney fees, monetary sanctions in the amount of $100,000, and an order transferring the acornpetco.com domain name. The Defendants have failed to respond to the Plaintiff's filings and the Court's Orders and did not attend the show cause hearing. The evidence in the record demonstrates that after the Court entered an injunction enjoining the Defendants from using any of the Plaintiff's trademarks, the Defendants continue to do so and have failed to remove the website. In light of the Defendants' failure to respond, the Court sanctions the Defendants in the amount of $100,000. See Fed. R. Civ. P. 37

In support of the request for attorney fees, the Plaintiff filed a Fee Declaration [Doc. 31] on January 11, 2013. The Plaintiff seeks $8,934.40, which includes 42.8 attorney hours and disbursements of $79.90, incurred in connection with its motion to show cause and sanctions. The number of hours and the hourly rates set forth in the Fee Declaration are reasonable. Accordingly, the Court finds that the Plaintiff be awarded $8,934.40 in reasonable expenses from Defendants in connection with its motion to show cause and for sanctions. See Fed. R. Civ. P. 37.

Finally, the Plaintiff also requests that the domain name acornpetco.com be transferred "in order to prevent violations of the Court's Default Judgment Order and further confusion in the marketplace." [Doc. 30]. The Court finds that this request is not well-taken at this time.

## III. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED**[1] that the Defendants be fined $100,000 for failure to comply with the Court's Default Judgment Order [Doc. 15] and that the Plaintiff be awarded $8,934.40 in reasonable expenses from Defendants in connection with its motion to show cause and for sanctions. The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation, via certified mail, to the Defendants at the address provided by the Plaintiff: Martin Neosel, Acorn Marketing, Inc., 47-09 188th Street, Queens, New York 11358.

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370 (6th Cir. 1987).